## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## THOMASVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 6:06-cv-50 (HL) |
| | : | |
| **TIMOTHY S. CHASTAIN,** | : | |
| | : | |
| Respondent. | : | |

_____

## ORDER

Before the Court is a Motion for Contempt (Doc. 13) filed by the United States of

America (the "Government"). For the reasons set forth below, the Motion is granted.

## I.    FACTS AND PROCEDURAL HISTORY

On March 3, 2006, the Internal Revenue Service ("IRS") issued Timothy S. Chastain

("Chastain") a summons  (Doc. 1, Ex. B).  This summons directed Chastain to appear before

K. O. Justice ("Justice"), a revenue officer conducting an investigation into the collection of

Chastain's tax liability, and to produce certain specific records he possessed.  Chastain

received the summons[1] but refused to appear or to provide the documents, and the

Government petitioned the Court to enforce the summons  (Doc. 1).  The Court issued an

Order to Show Cause (Doc. 3) why the summons should not be enforced, and Chastain filed

_____

[1] Chastain acknowledged receipt of the summons in his testimony before the Court during
its hearing of September 14, 2006.  (Doc. 11 at 32.)

an Answer in Opposition to Petition to Enforce Internal Revenue Service Summons (Doc. 4).

The Court held a hearing on the matter, and following the presentation of evidence and argument by the Government and Chastain, orally granted the Petition and ordered Chastain to comply with the summons. (Doc. 11 at 37-39.) The same day as the hearing, September 14, 2006, the Court issued a written order memorializing its bench ruling. (Doc. 7.) This Order directed Chastain to appear before Justice at a specific time and place and to produce the sought-after documents or be held in contempt. (Id. at 5.)

Thereafter, on October 26, 2006, the Government filed a Motion for Contempt (Doc. 13) that stated Chastain had appeared at the IRS office as ordered, but he failed to produce the records. In fact, according to the sworn declaration of Justice, "[Chastain] stated he had the records, but refused to allow inspection of the records. He refused to provide information to complete a collection information statement. Mr. Chastain contended that he complied with the Judge's order by virtue of his appearance at the office." (Doc. 13, Ex. A at 1-2.) Chastain filed a timely response to the Government's Motion (Doc. 15), wherein he raised a number of spurious legal arguments to justify his refusal to produce the required papers. The Government filed a Reply (Doc. 19) refuting Chastain's "defenses."[2]

---

[2] Chastain filed a document entitled "Response to Petitioner's Reply to Respondent's Answer in Opposition to Petitioner's Motion for Contempt" (Doc. 20) after the Government filed its Reply. Pursuant to Local Rule 7.3.1(a), "[b]riefing of any motion or issue concludes when the movant files a reply brief." As such, this document is not properly before the Court. Nonetheless, having reviewed the filing, the Court is satisfied that it is merely another example of Chastain's willingness to regurgitate the same legal arguments again and again, and it raises no disputed factual matters.

## II.   ANALYSIS

### A.   Civil Contempt

#### 1.   General Power

"Courts have inherent power to enforce compliance with their lawful orders through civil contempt." Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing Shillitani v. United States, 384 U.S. 364, 370 (1966)).  In order to hold someone in civil contempt, a district court must determine, by clear and convincing evidence, "that 1) the allegedly violated order was valid and lawful; 2) the order was clear, definite and unambiguous; and 3) the alleged violator had the ability to comply with the order." McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir. 2000).

#### 2.   Due Process

"Although a district court has a certain amount of discretion in fashioning civil contempt sanctions and the procedure by which those sanctions are imposed, the court must stay within the bounds of due process." Mercer v. Mitchell, 908 F.2d 763, 766 (11th Cir. 1990).  Typically, the due process requirement for an allegation of indirect contempt, or conduct that occurs outside the court's presence, is that a court inform the alleged contumnor of his contemptuous conduct through a show-cause hearing and then hold a hearing in which he may attempt to show cause why he should not be held in contempt. Id. at 766-67. However, "when there are no disputed factual matters that require an evidentiary hearing, the court m[ay] properly dispense with the hearing prior to finding the defendant in contempt and sanctioning him." Id. at 769 n.11; see also United States v. Ayres, 166 F.3d 991, 996 (9th

Cir. 1999); <u>Morales-Feliciano v. Parole Bd.</u>, 887 F.2d 1, 6-7 (1st Cir. 1989); <u>Commodities Futures Trading Comm'n v. Premex, Inc.</u>, 655 F.2d 779, 782 n.2 (7th Cir. 1981).

### 3.   Sanctions

"The measure of the court's power in civil contempt proceedings is determined by the requirements of full remedial relief. This may entail the doing of a variety of acts." <u>EEOC v. Guardian Pools, Inc.</u>, 828 F.2d 1507, 1515 (11th Cir. 1987) (quotation and citation omitted). When fashioning a sanction to secure compliance, a district court must consider that "sanctions may not be any greater or more onerous than is necessary to ensure compliance." <u>Mercer</u>, 908 F.2d at 768 n.9. Finally, as for the sanctions themselves, "the district court ha[s] numerous options, among them: a coercive daily fine, a compensatory fine, attorney's fees and expenses to the Receiver, and coercive incarceration." <u>United States v. Saunders</u>, No. 5:06mc3-RS, 2006 WL 2425515, at *5 (N.D. Fla. Aug. 18, 2006.)

### B.   Application

### 1.   General Power

The Court finds, by clear and convincing evidence, that its Order of September 14, 2006 (Doc. 7) was both lawful and clear and that Chastain had the ability to comply with it. In that Order, the Court found the IRS had satisfied the prima facie burden for judicial enforcement of an IRS summons set forth by the Supreme Court of the United States. <u>See United States v. Powell</u>, 379 U.S. 48, 57-58 (1964); <u>see also</u> <u>United States v. Medlin</u>, 986 F.2d 463, 466 (11th Cir. 1992). The Court further held that Chastain had failed to disprove the IRS met its burden on at least one of the four elements set forth in <u>Powell</u> or to show that

enforcement would be an abuse of the Court's process. See, e.g., United States v. Leventhal, 961 F. 2d 936, 939 (11th Cir. 1992). The Court considered all of Chastain's proffered reasons why he should not be forced to comply with the IRS summons and found them entirely without merit. That Chastain chooses to raise the same meritless arguments in his Response to the Government's Motion for Contempt is of no avail.

Thereafter, in its Order, the Court unequivocally directed Chastain to appear at Room 361 of the Federal Building in Rome, Georgia, at 10:00 a.m. on October 2, 2006, and there to produce the books, records, papers and other data in his possession relating to the collection of tax liability contained in the IRS summons. (Doc. 7 at 1.) The Court concluded its Order with the clear admonition that "[i]f Chastain fails to appear and produce this documentation, he will be held in contempt of the Court and may be subject to further proceedings." (Id. at 5.) There was nothing ambiguous about the Court's Order.

Finally, there has never been any doubt raised about Chastain's ability to comply with the Court's Order. Chastain has not argued that the particular books, records, papers and other data relating to the collection of tax liability contained in the Internal Revenue Service Summons are not his possession, nor has he argued that he has attempted to produce them. Instead, Chastain has only raised spurious legal arguments about why he should not *have* to produce them in repeated attempts to reargue the original determination by the IRS that he owes taxes. However, the matter before the Court is not a retrial of Chastain's original controversy with the IRS, but rather whether he is, for some reason, unable to produce the required records. In light of Chastain's intractability, the Court finds by clear and convincing

evidence that he has the ability to comply with the Order and is simply refusing to do so.

### 2. Due Process

The Government has alleged Chastain is in indirect contempt, an allegation that would typically trigger his due process right to a show cause hearing. However, Chastain's case falls within the narrow exception of cases in which such a hearing is unnecessary. Put simply, there are no disputed factual matters in this case that require an oral proceeding, and the Court finds sufficient due process has been afforded by finding contempt "on the papers."

A number of courts of appeals, including the Eleventh Circuit, have endorsed the approach that in circumstances where no material issue of fact has been created, no evidentiary hearing need be held prior to a finding of contempt. In particular, the Court finds the explanation of the United States Court of Appeals for the Ninth Circuit, when examining a situation similar to Chastain's, persuasive.

> Here, the evidence that Ayres had failed to comply with the summons enforcement order was uncontroverted. Ayres opposed the contempt motion by challenging the validity of the summons enforcement order and by asserting that his refusal to testify or to produce documents was justified. Perforce, the validity of the underlying court order was not at issue in the contempt proceedings, and present inability to comply with the order was the only defense. Ayres thus effectively conceded the contempt motion by explaining why he *chose* not to comply, rather than asserting that he *could not* comply. . . . because Ayres did not present any arguments which created any material issue of fact . . . due process did not require an evidentiary hearing prior to a finding of contempt.

Ayres, 166 F.3d at 996 (citations and quotations omitted).

As the Court has noted before, Chastain's arguments in this case have been repetitious and meritless. In his Answer to the Government's Motion for Contempt, he once again tries

to raise a slew of his favorite misguided arguments. Among these chestnuts, he argues that he "never knowingly volunteered to become a citizen of the United States."[3] (Doc. 15, Ex. A.) He denies that the Court has subject matter jurisdiction over him. (Doc. 15 at 2.) He raises vague Fourth and Fifth Amendment objections.[4] (Id. at 3-4.) Finally, he alleges the efforts of the IRS are not pursuant to a valid investigation, but are instead "intimidation and paper terrorism." (Id. at 2.) Chastain's arguments raise no disputed issues of material fact, nor do they justify the Court wasting its time listening to him assert them again during a show cause hearing. In short, Chastain's arguments are "nothing but frivolous legal babble." Saunders, 2006 WL 2425515, at *4.

### 3.    Sanctions

The Government has petitioned the Court to order Chastain (1) to pay a monetary penalty of $100.00 per day for each day that he does not produce the documents required by the Court's Order of September 14, 2006, and (2) to repay the Government for its costs to maintain this action. (Doc. 13 at 2.) Having considered the guidelines set forth by the Eleventh Circuit, the Court finds a fine of $100.00 per day will be sufficient to coerce

---

[3] Chastain believes he is not a citizen of the United States, but instead merely a citizen of the State of Georgia. (Doc. 11 at 4.)

[4] Chastain chooses to make these naked, unsubstantiated assertions improperly for the third time, having twice ignored the invitation of the Court (Doc. 7 at 4, Doc. 11 at 36) to comply with the proper method of raising such objections and be more specific. In particular, the Court already warned Chastain that a taxpayer who wishes a court to evaluate his Fifth Amendment claim "must present himself with his records for questioning, and as to each question and each record elect to raise or not to raise the defense." United States v. Argomaniz, 925 F.2d 1349, 1352-53 (11th Cir. 1991). Despite this guidance, Chastain continues to simply invoke the Amendments by number as talismans.

Chastain to comply with the Court's Order of September 14, 2006.

**III.    CONCLUSION**

The Government's Motion for Contempt (<u>Id.</u>) is granted.  Chastain is hereby found in contempt and is ordered to pay a sum of $100.00 per day for each day that he does not produce the documents required by the Court's Order of September 14, 2006 (Doc. 7).  This fine shall begin to accrue on December 14, 2006.[5]  The contempt can be purged if and when Chastain produces the books, records, papers and other data in his possession relating to the collection of tax liability contained in the IRS summons (Doc. 1, Ex. B).[6]

**SO ORDERED**, this the 4th day of December, 2006.


**s/   Hugh Lawson**
**HUGH LAWSON, JUDGE**

pdl

---

[5] By giving Chastain until December 14, 2006, the Court is providing him with a grace period to comply with the demands of the IRS.

[6] Chastain should produce this information to Justice at Room 361 of the Federal Building in Rome, Georgia, on 600 East First Street.