# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Petitioner, | : | |
| v. | : | Civil Action No. 6:06-cv-50 (HL) |
| **TIMOTHY S. CHASTAIN,** | : | |
| Respondent. | : | |

## ORDER

Timothy Chastain ("Chastain") came before the Court today as directed by the Court's previous Order to Show Cause (Doc. 24). At this hearing, the Court determined that Chastain remains in contempt of the Court's Order of September 14, 2006 (Doc. 7), and that further sanction was necessary to compel his ultimate compliance with the Court's previous Order. Accordingly, Chastain was ordered into the custody of the United States Marshals Service.

### I.  FACTS AND PROCEDURAL HISTORY

The majority of the facts of this case were previously set forth in the Court's Order of December 4, 2006 (Doc. 21). The Court adopts that recitation. In addition, the Court finds that since the Order of December 4, 2006, Chastain has continued to refuse to produce the books, records, papers and other data in his possession relating to the collection of tax liability contained in the Internal Revenue Service ("IRS") Summons (Doc. 1, Ex. B).

1

Today's hearing was prompted by the filing of a Notice and Motion of the United States (Doc. 23), to which Chastain filed a Response (Doc. 26). The Court then ordered Chastain's appearance (Doc. 24) to show cause why a further, more severe measure should not be imposed upon him than the $100.00 per day sanction levied against him since December 14, 2006, and the United States Marshals Service was ordered to personally serve a copy of the Order on Chastain. Chastain appeared as ordered.

## II.   ANALYSIS

### A.   Fifth Amendment Privilege

#### 1.   Proper Approach

There is a clear two-part test to properly analyze a protesting taxpayer's claim: "first, [determine] whether the taxpayer faces a real and substantial hazard of incrimination; and second, [determine] whether each answer or the act of producing each record would be sufficiently testimonial and incriminating to activate the fifth amendment privilege." United States v. Kowalik, 809 F. Supp. 1571, 1577 (S.D. Fla. 1992). Regarding the first part of the test, a taxpayer "must provide more than mere speculative, generalized allegations of possible tax-related prosecution . . . the taxpayer must be faced with substantial and real hazards of self-incrimination." United States v. Argomaniz, 925 F.2d 1349, 1353 (11th Cir. 1991) (citation and quotation omitted). "Thus, a claimant must show specifically and concretely that she has a legitimate fear of criminal indictment if she complies with the IRS summons, and that the particular question or request for production of documents would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime.

Kowalik, 809 F. Supp. at 1577 (citation and quotation omitted).

Regarding the second part of the test, the taxpayer "must present himself with his records for questioning, and as to each question and each record elect to raise or not to raise the defense." Argomaniz, 925 F.2d at 1356 (citation and quotation omitted). The Court must then make a "particularized inquiry, deciding, in connection with each specific area that the questioning party wishes to explore, whether or not the privilege is well-founded." Id. at 1355. This procedure is well defined: the taxpayer's objections must be particularized and the evaluation of the objections should be done by the court, preferably in an *in camera* hearing. "[I]t is the role of the district court, *not* the taxpayer, to evaluate the taxpayer's claim of incrimination and determine whether it is reasonable . . . . [and] a blanket refusal to produce records or to testify will not support a fifth amendment claim." Id. at 1355-56.

### 2. Chastain's Approach

While Chastain has repeatedly asserted his Fifth Amendment privilege in this case, he has never produced himself and his records for questioning, he has never made particularized objections, and he has consistently asserted his own evaluation of his claim rather than leaving that determination for the Court. Chastain has chosen this path while thrice ignoring the explicit invitation of the Court (Doc. 7 at 4; Doc. 11 at 36; Doc. 21 at 7 n.4) to comply with the proper method of raising such objections.

Chastain appeared today at the show cause hearing and asserted that he had brought the documents in question in this case with him. Initially, Chastain argued that he had previously complied with the Court's Order of September 14, 2006, by merely showing up

3

at the ordered meeting with IRS Agent K. O. Justice ("Justice"). According to Chastain, the Court never actually ordered him to *produce* the documents to Justice. This argument not only flies in the face of common sense, but also ignores the explicit written order of the Court to produce the documents (Doc. 7 at 1). Chastain then proceeded to reiterate his familiar pattern of asserting his Fourth and Fifth Amendment privileges in general without making any effort to give a particularized showing regarding specific papers or allowing the *Court* to determine the validity of his claims. As the Court has stated *ad nauseam*, the United States Court of Appeals for the Eleventh Circuit has explained the proper methodology to evaluate a taxpayer's claims, and Chastain continues to flout it. The Court finds Chastain has not properly supported a Fifth Amendment claim.

  **B. Civil Contempt**

    **1. Standard**

      **a. General Power**

"Courts have inherent power to enforce compliance with their lawful orders through civil contempt." Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991). To hold someone in civil contempt, a district court must determine, by clear and convincing evidence, "1) the allegedly violated order was valid and lawful; 2) the order was clear, definite and unambiguous; and 3) the alleged violator had the ability to comply with the order." McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir. 2000).

      **b. Due Process**

"Although a district court has a certain amount of discretion in fashioning civil contempt sanctions and the procedure by which those sanctions are imposed, the court must stay within the bounds of due process." Mercer v. Mitchell, 908 F.2d 763, 766 (11th Cir. 1990). Typically, the due process requirement for an allegation of indirect contempt, or conduct that occurs outside the court's presence, is that a court inform the alleged contemnor of his contemptuous conduct through a show-cause hearing and then hold a hearing in which he may attempt to show cause why he should not be held in contempt. Id. at 766-67.

### c. Sanctions

"The measure of the court's power in civil contempt proceedings is determined by the requirements of full remedial relief. This may entail the doing of a variety of acts." EEOC v. Guardian Pools, Inc., 828 F.2d 1507, 1515 (11th Cir. 1987) (quotation and citation omitted). When fashioning a sanction to secure compliance, a district court must consider that "sanctions may not be any greater or more onerous than is necessary to ensure compliance." Mercer, 908 F.2d at 768 n.9. Finally, as for the sanctions themselves, "the district court ha[s] numerous options, among them: a coercive daily fine, a compensatory fine, attorney's fees and expenses to the Receiver, and coercive incarceration." United States v. Saunders, No. 5:06mc3-RS, 2006 WL 2425515, at *5 (N.D. Fla. Aug. 18, 2006.)

### 2. Application

The Court already found Chastain in contempt (Doc. 21) and ordered him to pay a sum of $100.00 for each day that he did not produce the documents required by the

Court's Order of September 14, 2006 (Doc. 7). That fine began to accrue on December 14, 2006. The purpose of today's hearing was then not to determine whether Chastain's actions were contemptuous, but to ascertain whether he wished to purge that contempt or whether further sanctions were necessary. Setting aside Chastain's various frivolous and improperly asserted legal claims addressed above and in past Orders, there is only one new matter to address in this Order. In a filed Response (Doc. 26 at 2), and before the Court today, Chastain asked the Court to accept his apology for his actions. While Chastain has been polite in his dealings with the Court, his good manners will not be accepted in lieu of producing Court-ordered documents. Chastain's conduct has been contemptuous, it continues to be so, and it is clear that past sanctions ordered by the Court have proven ineffective. Accordingly, he was remanded to the custody of the United States Marshals Service.

There has never been any doubt raised in this case about Chastain's ability to comply with the Court's Order. Chastain has not argued that the particular books, records, papers and other data relating to the collection of tax liability contained in the IRS Summons are not in his possession, nor has he argued that he has attempted to produce them but was not allowed to do so. Instead, Chastain has only raised spurious legal arguments about why he should not be compelled to produce them.

At today's hearing, Chastain waved an envelope, which he claimed contained the documents sought by the Government, but refused to turn the documents over to the Government without a promise of immunity from the Government or the Court. Thus, he has

the ability to produce the documents in question. In light of Chastain's intractability, the Court finds by clear and convincing evidence that he has the ability to comply with the Order and is simply refusing to do so without any valid reason.

## III. CONCLUSION

The Court finds its previous order that Chastain pay a monetary penalty of $100.00 per day was insufficient to induce Chastain to produce the documents required by the Court's Order of September 14, 2006. Therefore, the Court has ordered Chastain remanded to the custody of the United States Marshals Service until such time as he produces the books, records, papers and other data in his possession relating to the collection of tax liability contained in the IRS summons (Doc. 1, Ex. B). The Court reiterates that it is not looking to punish Chastain,[1] merely to compel the production of the documents required by the Court's Order of September 14, 2006 (Doc. 7). Chastain holds the key to unlock his jail house door in this civil contempt proceeding at any time—he need only produce the documents sought by the IRS. As the Court ordered at today's show cause hearing, the Government is directed to inform the Court as soon as Chastain does so.

The United States Marshals Service shall serve personally a copy of this Order on Chastain, and thereafter shall file a certificate of service with the Clerk.

**SO ORDERED**, this the 7th day of March, 2007.

---

[1] Indeed, the Court has given Chastain every opportunity to avoid jail time. It has listened to all of his arguments, held multiple hearings, urged Chastain to hire legal counsel, delayed the onset of fines imposed upon him, and even offered to waive fines that had already accrued against him.

7

*s/   Hugh Lawson*
                                **HUGH LAWSON, JUDGE**

pdl